SUMMARY ORDER
Carlos Gil appeals from a judgment of conviction for murder in aid of racketeering, soliciting another to commit a crime of violence, use of a firearm in furtherance of a crime of violence, causing death through the use of a firearm, being a felon in possession of a firearm, making a false statement, and obstruction of justice. Based on his conviction, Gil is currently incarcerated for life plus ten years. We assume the parties’ familiarity with the facts, proceedings below, and specification of issues on appeal.
Gil primarily challenges the district court’s allowance of testimony concerning a vicious assault in which he was implicated that took place approximately four years after the charged murder. He tacitly concedes that the testimony had at least minimal relevance but argues that this relevance was “substantially outweighed” by the testimony’s prejudicial impact and, therefore, should have been excluded. Fed.R.Evid. 403. We disagree. The district court clearly charged that the jury must not consider evidence of the assault as demonstrating a propensity to criminal conduct. In addition, the evidence of the assault was not more inflammatory than the evidence offered to support the charges in the indictment or concededly admissible evidence of other vicious crimes committed by Gil. Therefore, the district court did not abuse its discretion in admitting this concededly relevant evidence. See, e.g., United States v. Livoti, 196 F.3d 322, 326 (2d Cir.1999) (finding no abuse of discretion where the other-bad-acts evidence was relevant, “the evidence did not involve conduct more inflammatory than the charged crime,” and the trial court gave “a careful limiting instruction”).
Gil also argues that the district court should have considered the assault testimony’s relevance in light of other evidence that the government could have offered or did offer. However, Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), on which Gil relies, is not apposite. In Old Chief, the defendant offered to stipulate to his prior felony con *640 viction, an element of the charged crime. Id. at 175-76, 117 S.Ct. 644. Under those circumstances, the Supreme Court held that the trial court improperly admitted the judgment of conviction, which disclosed the nature of the actual conviction. Id. at 177, 191-92, 117 S.Ct. 644. Unlike Old Chief, Gil does not point to any evidence that has “substantially the same or greater probative value,” id. at 183, 117 S.Ct. 644, as the assault testimony on the disputed issue. In addition, in cases other than those in which a prior conviction is an element of the crime, the government is generally entitled to present its case as it chooses. See id. at 189-90, 117 S.Ct. 644. We, therefore, also reject this argument.
Having found that the assault testimony was admissible, we also reject Gil’s contention that the government’s brief and tangential reference to this testimony during summation constituted plain error. See Fed.R.Crim.P. 52(b).
The judgment of conviction is, therefore, affirmed.